UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CHARLES N. WATSON, JR.,                    )
                                           )
            Petitioner,                    )
                                           )
v.                                         )   Civil No. 8-442-P-H
                                           )
STATE OF MAINE,                            )
                                           )
            Respondent.                    )

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Charles Watson has filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254, seeking to challenge a criminal conviction for theft imposed by the

Cumberland County Superior Court in March of 1997 under Docket Number CR-97-333.

Watson is attacking the state court and his attorney vis-à-vis the fact that his state

sentence was imposed to run consecutive with a federal sentence and he challenges the

propriety of his restitution obligation.  Watson also takes umbrage with the state court's

use of margin notations and the Maine Law Court's denial of his certificate of probable

cause.  In a previous order I gave Watson an opportunity to demonstrate that his 28

U.S.C. § 2254 petition was timely in view of the almost twelve-year lapse between the

imposition of his sentence and the filing of this petition.  Watson has filed an amended

petition but his pleadings and exhibits do not adequately demonstrate that he can meet the

28 U.S.C. § 2254 statute of limitations and exhaustion requirements. Accordingly, I

recommend that the Court dismiss the petition pursuant to Rule 4 of the Rules Governing

Section 2254 Proceedings.

*Discussion*

In his original petition, filed on December 29, 2008, Watson indicated that he is currently serving a federal sentence and upon completion of that sentence will be placed in the custody of the State of Maine to begin serving the 1997 sentence which was ordered to run consecutively to his federal sentence.[1]   After my preliminary review I directed the clerk to send Watson a blank form used by this court in state habeas cases advising Watson to carefully complete the form, providing this court with the details of all his contact with the state court regarding this case, from the time of indictment through any and all post-conviction remedies he may have attempted to invoke. I further told Watson to explain in the amended petition the constitutional grounds for attacking the 1997 state court judgment with greater clarity than simply stating that a statute of limitations has expired and the judgment is therefore void.

In a letter to the Court accompanying his amended petition Watson indicates that it was brought to his attention last year that his sentence is illegal; he believes that the state courts did not have jurisdiction to impose a consecutive sentence over and above his federal sentence as this violated 17-A M.R.S. § 1256. (Doc. No. 7-2.)  Watson also urges that the statute of limitation has run on his restitution order. (Id.)

In his amended petition Watson sets forth six distinct issues and one "sub-issue." First, Watson maintains that he was sentenced to consecutive terms of imprisonment in violation of "statutory rigors" in contravention of the Fifth Amendment due process

---

[1]    Watson listed five grounds in his petition.  Grounds One and Two suggest that the expiration of an unspecified statute of limitations has rendered the criminal conviction "void ab initio" and made the state court powerless to enforce its consecutive criminal judgment.  Grounds Three and Four complain about the restitution order that was imposed at the time of the criminal judgment.  Finally, Ground Five claims a denial of equal protection because of the lack of procedural due process accorded to him by the Maine Supreme Judicial Court in its appellate review process.

clause.  (Am. Sec. 2254 Pet. at 4-5.)  Second, he argues that the State of Maine's imposition of a term of imprisonment consecutive to his federal sentence violated the "anti-shuttling prescriptions of the Fifth Amendment."  (Id. at 5-6.)  Third, Watson posits that the imposition of the restitution portion of his sentence was contrary to Maine statute and, therefore, a violation of his Fifth Amendment rights.  (Id. at 6-7.)  Fourth, Watson contends that his state sentence and conviction were the product of ineffective assistance of counsel. (Id. at 7-8.)[2]  Fifth, Watson opines that the imposition of the federal/state consecutive sentences amounts to cruel and unusual punishment within the meaning of the Eighth Amendment prohibition.  (Id. at 8.)  Sixth, Watson believes that the superior court's use of marginal entries with no findings of fact or conclusions of law violated his right to equal protection and due process.  (Id. at 9.)  And, finally, Watson explains his "sub-issue" as being an abuse of discretion by the Maine Law Court in refusing to issue a certificate of probable cause and describes this as invidious discrimination.  (Id. at 10 - 11.)[3]

I recommend that Watson's petition be summarily dismissed pursuant to Rule Governing Section 2254 Proceedings 4 because the petition and the exhibits submitted by Watson conclusively establish his petition is untimely under 28 U.S.C. § 2244(d). That provision reads:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]     Watson cites to the Eighth Amendment as the basis of this claim, but the Sixth Amendment is the source of such claims.
[3]     Watson indicates that he has filed a notice of claim/counter-claim in this matter.

> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  Watson had circled subsections (B) and (D) on his amended form petition.  (Doc. No. 7-3 at 15.)

With regards to § 2244(d)(1)(A), Watson indicates that the Maine Law Court denied an appeal but has not provided the date of that denial.  As for his state post-conviction he indicates that he filed his post-conviction petition on April 28, 1997, and that it was denied on May 1, 1997.  He notes that he appealed that determination on June 4 (no year given) and does not indicate any subsequent history.  Watson further indicates that he filed a second petition for post-conviction review and states that information on the docket number, dates, and grounds raised is not available.  Watson has not complied with my directive that he <u>carefully complete</u> this petition and provide this court with the details of <u>all</u> his contact with the state court regarding this case, from the time of indictment through any and all post-conviction remedies he may have attempted to invoke.

Nevertheless, Watson has attached the docket sheet from 97-333 and these docket entries do not support Watson's own representation that his post-conviction petition was denied within three days or that he took a direct appeal of that determination.  (Doc. Nos. 6-2 & 6-3.)  This docket indicates that on July 16, 1997, the Maine Law Court granted the

4

... 

State's motion to dismiss Watson's direct appeal for lack of prosecution.  A further order

was entered on August 13, 1997, providing:

> On [M]arch 12, 1997 defendant entered a plea of guilty to two counts of
> theft.  It is ORDERED that the motion to DISMISS is GRANTED.  The
> above named appeal is hereby DISMISSED. "A conviction after a guilty
> plea involves no decision by the court regarding the defendant's criminal
> guilt and therefore provides no source of decisional error by the court
> regarding criminal guilt."  State v. Gary Huntly, 676 A 2nd 501 (Me.
> 1996).

(Doc. No.6-3 at 1.)  On March 5, 1998, the docket further indicates, Watson filed a post-

conviction petition.  Transcripts were ordered and received by the end of that year.  Then

on September 8, 2000, a docket entry shows that on August 15, 2000, the fee was vacated

"due to the passage of time and whereabouts of the defendant unknown."  (Id.)[4]  The next

entry on that docket is the March 3, 2008, motion to vacate judgment filed in the superior

court.  (Doc. No. 6-3 at 2.)  Accordingly, from no later than September 8, 2000, through

March 3, 2008, there was nothing pending in the state courts that would have possibly

tolled his 28 U.S.C. § 2244(d) limitation period.  See 28 U.S.C. 2244(d)(2)("The time

during which a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending shall not be counted

toward any period of limitation under this subsection.").

It seems that Watson is relying on the 2008 restitution proceeding to demonstrate

timeliness and, perhaps, exhaustion of remedies. (See Doc. No. 7-3 at 6.)  One of his

exhibits is a motion to vacate judgment based on expiration of the statute of limitations

which is date-stamped by the clerk on February 25, 2008.  (Doc. No. 7-9.)  This is

apparently what was docketed on March 3, 2008.  Watson has also provided a copy of his

---

[4]       On May 10, 1994, Watson was sentenced to 216 months in federal court.  His release date appears
to be in January 2010. Presumably he was in federal custody during the time in question.

appellant brief that was filed by an appointed attorney.  (Doc. No. 6-4.)  This brief described two issues, both singularly focused on the imposition of the restitution order.  Watson has provided this court with a copy of a October 31, 2008, order denying him a certificate of probable cause, rejecting his notice of claim (seeking $5 million in damages), and denying his motion for appointment of counsel.  (Doc. No. 7-7.)  This order indicates:

> The Court has carefully considered the memorandum in support of the request for probable cause.  Watson contends that the Superior Court erred or exceeded its discretion in denying his Rule 35 motion as being untimely.  Based on our review, we determine that no further hearing or other action is necessary to a fair disposition of the matter.

(Doc. No. 7-7 at 1)(footnote omitted).  In a footnote the Maine Law Court explains that the superior court's action was better characterized as a dismissal rather than a denial because Watson's Rule 35 motion was filed eleven years after the imposition of the sentence and there is a one-year limitation period on Rule 35 motions.  (Id. at 1 n.1.)  The court further notes that it had no jurisdiction over the "notice of claim" to the extent Watson intended to commence a civil action, and it rejects his request for a state-appointed attorney to assist him with his civil claims.  (Id. at 1.)[5]

There are two things evident from the face of these pleadings and the copy of the docket submitted by Watson.  First, this 28 U.S.C. § 2254 petition is untimely as his one-year under the federal statute ran during the intermission between the dismissal of his

---

[5]     Watson also attaches a copy of an order by the Sixth Circuit Court of Appeals dismissing for want of prosecution a case Watson brought against the State of Maine and the United States of America.  (Doc. No. 7-5.)  Watson styled that action as brought under the All Writs Act, 28 U.S.C. § 1651.  (Watson v. State of Maine, 4:07-cv.-3713, N.D. Ohio.)  Part of the focus of that action was that the captioning of his Maine state and federal criminal case by using large caps for the entire name – that is CHARLES N. WATSON as opposed to Charles N. Watson -- was a violation of his rights under the United States Constitution.  The District Court dismissed the action pursuant to 28 U.S.C. § 1915(e) (Id., Order Jan. 30, 2008.)  Although it observed that Watson was attacking the validity of his Maine criminal convictions, the court did not re-characterize the action as one brought pursuant to 28 U.S.C. § 2254 and this proceeding has no bearing on the posture of or issues raised by Watson's 28 U.S.C § 2254 petition.

post-conviction proceeding and the initiation of the motion to vacate.  As noted, Watson

has circled subsections (B) and (D) of § 2244(d)(1) but Watson has not attempted to

articulate how he has been hindered by the government in pursuing his redress or to

demonstrate his due diligence.[6]  The second thing that is also apparent is that as to his

non-restitution claims, Watson has not exhausted his state court remedies as required by

28 U.S.C. § 2254(b)(1).  Nor has he made any showing under 28 U.S.C.

§ 2254(b)(1)(B)(i) or (ii).  With regards to his restitution claim -- even if this was timely

for purposes of 28 U.S.C. § 2244(d), which it is not -- the state's resolution rests on an

independent and adequate state-law ground that the Rule 35 motion was untimely.  See

Torres v. Dubois, 174 F.3d 43, 46 (1st Cir. 1999) ("Federal habeas review is precluded if

the state court reached its decision on an adequate and independent state-law ground

when affirming [a § 2254 petitioner's] conviction."); accord Horton v. Allen, 370 F.3d 75,

80-81 (1st Cir. 2004); see e.g., Phillips v. Ferguson, 182 F.3d 769, 774 -75 (10th Cir.

1999)(statute of limitations is independent and adequate state law ground).

### *Conclusion*

For the reasons above I recommend that the Court summarily dismiss Watson's 28

U.S.C. § 2254 petition.  I further recommend that a certificate of appealability should not

issue in the event Watson files a notice of appeal because there is no substantial showing

of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[6]     Watson declares that he just found out last year that his sentence was imposed illegally under
17-A M.R.S. § 1256. This new awareness does not in itself present the type of circumstance apropos which
a court could find due diligence. See Trapp v. Spencer , 479 F.3d 53, 59 -63 (1st Cir. 2007); Neverson v.
Farquharson, 366 F.3d 32, 41-44 (1st Cir.2004). While this is not a decision that attempts to address the
merits of any of Watson's § 2254 claims, it does appear that Watson has completely misconstrued the
statute in question.  It is even clearer that Watson's contention that the statute of limitations has run on the
state court's order of restitution would not translate into § 2254 relief even if the claim was timely and
exhausted.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                          /s/ Margaret J. Kravchuk
February 3, 2009                          U.S. Magistrate Judge

8